UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RANDY LEE JENT, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-402-CCB-SJF |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Randy Lee Jent, a prisoner without a lawyer, filed an amended habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for dealing methamphetamine under Case No. 41D01-2408-F2-29. Following a jury trial, on November 21, 2024, the Johnson Superior Court sentenced him as a habitual offender to 58 years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the amended petition, Jent asserts various claims, including trial court error claims and claims that he received ineffective assistance of trial counsel and appellate counsel. Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

Indiana courts have explained a convicted individual's State court remedies as follows:

> Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the postconviction rules. If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is res judicata. If not raised on direct appeal, a claim of ineffective assistance of trial counsel is properly presented in a postconviction proceeding. A claim of ineffective assistance of appellate counsel is also an appropriate issue for postconviction review. As a general rule, however, most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata.

*Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001). Under Indiana law, individuals may raise ineffective assistance of trial counsel claims on either direct appeal or on post-conviction review. *Woods v. State*, 701 N.E.2d 1208, 1220 (Ind. 1998). Review of the electronic docket for the State courts[1] indicates that Jent did not raise ineffective assistance of counsel claims on direct appeal and that he also has not initiated post-conviction proceedings. It thus appears that some of his claims are exhausted but that his ineffective assistance of counsel claims are unexhausted.[2]

Federal courts are not permitted to adjudicate a mixed petition containing both exhausted and unexhausted claims because the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Indeed, "it would be unseemly in our dual

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

[2] At this time, the court makes no finding with respect to whether the exhausted claims are also procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* at 274. Because the court cannot rule on the habeas petition as it stands, Jent must inform the court as to how he wants to proceed.

Jent could file an amended petition omitting the unexhausted claims, which would allow the court to consider whether the remaining claims entitle him to habeas relief. However, this option risks forfeiting the chance to ever raise any other claims in a federal habeas petition. If he continues with this case, he will not be able to file another habeas corpus petition challenging this conviction unless he receives authorization from the United States Court of Appeals for the Seventh Circuit, which may be granted only under narrow circumstances. *See* 28 U.S.C. § 2244(b). Alternatively, Jent could file a voluntary motion to dismiss this case without prejudice, pursue post-conviction relief in State court, and seek federal review on all of his habeas claims at the conclusion of State post-conviction proceedings.

The court will also consider whether a stay might be appropriate for this case. Though a stay is not appropriate in all cases, it may be appropriate if the petitioner has insufficient time to file a timely federal habeas petition following the conclusion of State post-conviction proceedings. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that the one-year limitations period for federal habeas review began to run on August 4, 2025, when the time to file a petition to transfer to the Indiana Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); Ind. R. App. 57(C)(1) (petition to transfer must be filed within 45 days of adverse

3

decision). Given the statutory tolling provided by Section 2244(d)(2), dismissing this case will not effectively end Jent's chance at habeas corpus review because, if he acts promptly in initiating post-conviction proceedings, he will have ample time to return to this court after he exhausts his claims in State court. Therefore, a stay is not appropriate for this case. As a result, Jent's options are limited to amending the petition or dismissing this case.

At this time, the court will also grant the motion for leave to proceed *in forma pauperis* and the motion to file the amended petition out of time. ECF 7, ECF 10. The court further notes that Jent's concerns about access to the trial record appear to have been resolved based on the Indiana Court of Appeals' order granting his motion for a copy of the record on September 24, 2025.

For these reasons, the court:

(1) **GRANTS** Randy Lee Jent until December 1, 2025, to file an amended petition or a motion to dismiss consistent with this Order;

(2) **CAUTIONS** Randy Lee Jent that, if he does not respond by this deadline, this case will be dismissed without further notice;

(3) **GRANTS** the motion for leave to proceed *in forma pauperis* (ECF 7); and

(4) **GRANTS** the motion to file out of time (ECF 10).

SO ORDERED on October 30, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4