UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RANDY LEE JENT, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-402-CCB-SJF |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Randy Lee Jent, a prisoner without a lawyer, filed an amended habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for dealing methamphetamine under Case No. 41D01-2408-F2-29. ECF 11. Following a jury trial, on November 21, 2024, the Johnson Superior Court sentenced him as a habitual offender to 58 years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the amended petition, Jent asserts various claims, including trial court error claims and claims that he received ineffective assistance of trial counsel and appellate counsel. ECF 11. In a prior order, the court found that Jent had filed a mixed petition containing both exhausted and unexhausted claims. ECF 12. Because the court cannot rule on a mixed petition, the court ordered Jent to either amend the petition to include only exhausted claims or to voluntarily dismiss this case without prejudice to return once he had exhausted his claims in State court.

In response, Jent argues that he is not required to exhaust State court remedies with respect to his unexhausted claims, arguing that there is "an absence of available State corrective process" pursuant to 28 U.S.C. § 2254. ECF 13. He contends that he has been unable to obtain a copy of the State court record, which he needs in order to prepare a State petition for post-conviction relief.

The electronic docket for the State court reveals that, on September 22, 2025, the Indiana Court of Appeals received a motion for copy of record from Jent in Case No. 24A-CR-2819.[1] On September 24, 2025, the appellate court granted the motion by making the record available to the public defender. The order directed the public defender to send copies to Jent unless Jent and the public defender agreed that the public defender would represent Jent on post-conviction review. The State docket further reflects that public defender withdrew the record on November 18, 2025.

Jent suggests that he is unwilling to waive the possibility of representation by the public defender on post-conviction review in order to obtain a copy of the record. ECF 14 at 4. He contends that this amounts to constructive denial of counsel. However, "[t]here is no right to counsel in postconviction proceedings, and most applicants proceed pro se." *Garza v. Idaho*, 586 U.S. 232, 245–46 (2019). Further, even if Jent had a right to counsel, it is unclear how the appellate court order amounts to denial of counsel; instead, it merely requires the public defender to either: (1) send a copy of the record to Jent; or (2) reach a representation agreement with Jent for State post-

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

2

conviction proceedings, which would afford Jent indirect access to the record through counsel. Neither of these options strike the court as constitutionally impermissible or as amounting to "an absence of available State corrective process." Nor does the appellate court order prohibit the public defender from pursuing both options.

Though Jent maintains that the public defender ignores his letters, he offers no indication that he has attempted to contact the public defender about the record since the State appellate court granted the motion to withdraw. He also maintains that the State courts ignore him, but the Indiana Court of Appeals issued a direct appeal opinion just fifteen days after the case was fully briefed, and it granted the motion to withdraw just one month after certifying his direct appeal. Consequently, Jent has not adequately demonstrated "an absence of available State corrective process."

Having considered Jent's exhaustion-related arguments, the court concludes that Jent was required to exhaust State court remedies with respect to all of his claims and that he has not done so. Therefore, the court will dismiss the habeas petition without prejudice to Jent returning to federal court once he has finished in State court.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for

finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Jent a certificate of appealability.

For these reasons, the court:

(1) **DISMISSES** without prejudice the amended petition (ECF 11) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it contains unexhausted claims;

(2) **DENIES** Randy Lee Jent a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on December 16, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT